1  Christopher Kelly (*pro hac vice* to be filed)
2  Adrienne J. Kosak (*pro hac vice* to be filed)
   Wiley Rein LLP
3  2050 M St NW
   Washington, DC 20036
4  Telephone: 202.719.7000
   Facsimile: 202.719.7049
5  Email: ckelly@wiley.law
          akosak@wiley.law
6

7  Chad C. Butterfield
   Nevada Bar No. 10532
8  WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
9  6689 Las Vegas Blvd. South, Suite 200
   Las Vegas, NV 89119
10 Telephone: 702.727.1400
   Facsimile: 702.727.1401
11 Email: Chad.Butterfield@wilsonelser.com

12
   *Attorneys for Plaintiff Eden Foods, Inc.*
13
                **UNITED STATES DISTRICT COURT**
14                   **DISTRICT OF NEVADA**

15  EDEN FOODS, INC.                          Case No.  2:24-cv-01574
16                          Plaintiff,
17        vs.
18  EDEN HOLISTICS LLC
19                          Defendant.
20

21                      **COMPLAINT**

22        1.      This complaint asserts claims for trademark infringement, unfair competition, and

23  trade name infringement, arising under the Federal Trademark Act, 60 Stat. 427, 15 U.S.C. § 1051

24  *et seq.*, and the common law and statutes of the State of Nevada.

25                       **Parties**

26        2.      Eden Foods, Inc. ("Plaintiff") is a corporation organized under the laws of the State

27  of Michigan, having its principal place of business at 701 Tecumseh Road, Clinton, Michigan

28

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

49236.

3.    Eden Holistics LLC ("Defendant") is a limited liability company organized under the laws of the State of Nevada, having its principal place of business at 6290 McLeod Drive, #110, Las Vegas, Nevada, 89120.  According to Nevada business records, Defendant has only one officer: managing member Richard Frieo.  On information and belief, the managing member's name is actually Richard Fried.

4.    On information and belief, Defendant is the true registrant of the domain name EdenHolistics.com, and controls the website at that domain.  On information and belief, Defendant uses the privacy service Domains By Proxy, LLC to conceal its registration and ownership of the EdenHolistics.com domain name.

### Jurisdiction

5.    Defendant is headquartered in Nevada, transacts business in Nevada, and, on information and belief, engages in a persistent course of conduct in Nevada, and reasonably should expect its actions to have legal consequences in Nevada.

6.    This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1338 and/or 1367.

7.    On information and belief, Defendant transacts business in this Judicial District, and accordingly Plaintiff believes venue in this Judicial District is proper under 28 U.S.C. § 1391.

### A Brief History of Eden Foods

8.    Plaintiff is a leading producer of natural and organic food and beverage products and supplement food products, all marketed under a protected family of EDEN trademarks that are registered with the United States Patent and Trademark Office. Currently, Plaintiff offers over 300 products under the family of EDEN trademarks.  Plaintiff and its EDEN-branded products are well known to consumers, and have earned significant gratuitous publicity including winning numerous awards.

Wiley Rein LLP
2050 M St NW
Washington, DC  20036

301302271v.1

9.      Long prior to the acts complained of herein, Plaintiff commenced use of the inherently distinctive word EDEN, alone and in combination with other words and/or a distinctive Fern Design, as a trademark in the United States for a wide variety of food products, including natural and organic foods and beverages, as well as food- and beverage-related products and services, and Plaintiff has continuously used said mark on or in connection with such goods and services, and in the advertising and sale thereof, in interstate commerce since as early as 1967.

10.     Plaintiff's EDEN products are sold throughout the United States through a variety of retail outlets, including: national and regional supermarket chains such as Safeway, Kroger, Whole Foods, Publix, Albertsons, Harris Teeter and Walmart; local grocery stores; food cooperatives; health food stores; convenience stores; and department stores.  Plaintiff's EDEN products are also available through mail order outlets and via the Internet through Plaintiff's website accessible at <edenfoods.com>, as well as through other online retailers.

11.     Plaintiff extensively advertises and promotes its EDEN family of products and services through a variety of means including printed publications, distribution of printed promotional materials, and via the Internet. Eden Foods' annual expenditures for advertising and marketing activities are in the millions of dollars. Plaintiff's EDEN products also are the subject of a large amount of gratuitous, positive publicity.

12.     Plaintiff's annual retail sales of EDEN products in the United States have consistently exceed One Hundred Million Dollars ($100,000,000) for a number of years.

13.     Plaintiff was founded to provide consumers with the highest quality health foods available, particularly foods grown without the use of chemical herbicides, pesticides, and caustic fertilizers, known to some as "macrobiotic" foods. As early as 1969, Plaintiff was known as a pioneer in the development of organic food certification standards in the United States.  In the early 1970s, Plaintiff researched organic growing techniques used by farmers in Europe and introduced these techniques to growers in the United States. Because of Plaintiff's commitment to product integrity, Plaintiff's EDEN family of health foods are recognized throughout the food and health industries as being of the highest quality.

301302271v.1

14. Among Plaintiff's healthful offerings are numerous products used to supplement the diet. These products include Plaintiff's ume plum and kombu products. Plaintiff has also marketed products including orally ingested enzymes, minerals, vitamins, and food digestion tablets in the past.

15. One of Plaintiff's most plentiful categories of products is its tea products. Plaintiff offers many tea and tea-related products under the family of EDEN marks, including: green tea; herbal tea; chai tea; lotus root tea powder; matcha powder; whisks, bowls, and spoons for use with matcha powder; and gift baskets combining its tea products with accessories such as tea infusers, mugs, and canvas bags.

**The Family of EDEN Trademarks**

16. Plaintiff has used an assortment of EDEN-formative marks to market its goods and services. These marks include EDEN standing alone, EDEN FOODS, EDENSOY, EDENEWS, EDEN STORE, and EDEN ORGANIC.

17. As a result of Plaintiff's extensive and substantial advertising and sales of products under the family of EDEN trademarks and the maintenance of premium quality standards relating thereto, said marks are well and favorably known to the general public throughout the United States as a distinctive indication of origin and had become famous long prior to Defendant's first use of the mark EDEN HOLISTICS, which is the subject of this civil action.

18. By virtue of Plaintiff's longstanding and continuous use of the family of EDEN formative marks in U.S. Commerce in association with its food- and beverage-related products and services, Plaintiff is entitled to broad common law trademark rights in the marks.

19. In addition to its common law trademark rights, Plaintiff possesses statutory trademark rights by virtue of its ownership of subsisting U.S. trademark registrations for the EDEN family of marks.

20. Plaintiff duly registered EDENSOY as a trademark in the USPTO under Registration No. 1,440,754, which issued May 26, 1987, and has been duly renewed and now covers soybean based food beverages.

301302271v.1

Wiley Rein LLP
2050 M St NW
Washington, DC 20036

21.     Plaintiff duly registered EDEN as a trademark for the following food and beverage products in the USPTO under Registration No. 1,452,337, which issued August 11, 1987, and has been duly renewed and now covers the following products:

- Pickled plums; processed and unprocessed dried fruits; processed nuts; processed seeds; vegetable oils; namely, olive oil, safflower oil, sesame oil; and snack foods consisting of processed nuts, processed seeds, and dried fruits.

- Processed grains, namely, wheat flour, buckwheat flour, millet flour, rice flour, rye flour; pasta, namely, wheat noodles, wheat and spinach noodles, wheat, and buckwheat noodles; soy sauce; barley malt syrup for table use; vinegar; mustard; tomato based spaghetti sauce; sea salt for table use; beverage consisting of tea and herbs.

- Unprocessed beans, namely, aduki, black turtle beans, kidney beans, great northern beans, green lentils, navy beans, pinto beans, soy beans; unprocessed peas, namely, chickpeas; unprocessed nuts; unprocessed edible seeds; unprocessed grains, namely barley, rice, wheat, buckwheat and millet; unprocessed corn and unpopped popcorn; and unprocessed sea vegetables, namely sea weed.

22.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 1,862,634, which issued November 15, 1994, and has been duly renewed and now covers the following products:

- Vegetable oils, crushed tomatoes, sauerkraut, and processed can beans.

- Pasta; pizza sauce; teas; crackers; chips; misos; and condiments; namely, mustard, sea salt, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder, tamari, and shoyu.

- Unprocessed grains; namely, barley, wheat, and quinoa.

23.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 2,229,053, which issued March 2, 1999, and has been duly renewed and now covers fruit butter, fruit sauce and fruit juice.

24.     Plaintiff duly registered EDEN ORGANIC & Fern Design as a trademark for the following food and beverage products in the USPTO under Registration No. 2,272,652, which issued August 24, 1999, and has been duly renewed and now covers the following products:

- Vegetable oils; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts, and seeds; and dried fruits.

301302271v.1

- Rice; pasta and noodles; breakfast cereals; vinegar; sauces and soy sauce.

25.     Plaintiff duly registered EDEN as a trademark with the USPTO under Registration No. 2,503,977, which issued November 6, 2001, and has been duly renewed and now covers dietary food supplements, namely, edible Kombu root seaweed and ume plum concentrate.

26.     Plaintiff duly registered EDENEWS as a trademark with the USPTO under Registration No. 2,905,671, which issued November 30, 2004, and has been duly renewed and now covers newsletters in the field of food and food-related topics, nutrition, health and diet, farming, and agricultural and environmental issues.

27.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 2,977,773, which issued July 26, 2005, and has been duly renewed and now covers processed popcorn for popping.

28.     Plaintiff duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 3,071,337, which issued March 21, 2006, and has been duly renewed and now covers the following products:

- Vegetable oils; processed vegetables; soybean based food beverages; soybean based misos; nut and fruit butters; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts, and seeds; and vegetable chips and dried fruits.

- Tea; sugar; rice; pasta and noodles; flour; breakfast cereals; honey; syrup for table use; candy; salt; mustard; vinegar; sauces, namely, pizza and spaghetti sauces, soy sauce; processed grains; rice and grain based food beverages; herbal food beverages; seasonings, namely, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder; crackers; brown rice chips; and granola.

29.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 3,102,575, which issued June 13, 2006, and has been duly renewed and now covers dried cherries.

30.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,065,063, which issued on December 6, 2011, and has been duly renewed, and covers

301302271v.1

providing recipes and information in the field of cooking and food preparation, and providing information in the field of health, nutrition, diet, beauty, and organic farming techniques.

31.    Plaintiff duly registered EDENEWS as a trademark in the USPTO under Registration No. 4,171,490, which issued on July 10, 2012, and has been duly renewed, and covers downloadable electronic newsletters in the field of food and food-related topics, nutrition, health and diet, farming, and agricultural and environmental issues.

32.    Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,264,570, which issued on December 25, 2012, and has been duly renewed, and covers retail and on-line stores featuring food and beverage products.

33.    Plaintiff duly registered EDEN STORE as a trademark in the USPTO under Registration No. 4,264,567, which issued on December 25, 2012, and has been duly renewed, and covers retail and on-line store featuring food and beverage products.

34.    Plaintiff duly registered EDEN ORGANIC as a trademark in the USPTO under Registration No. 4,272,392, which issued on January 8, 2013, and has been duly renewed, and covers organic processed beans; organic processed fruits; organic food seasonings; organic popcorn, organic tea; organic food starches; organic food flavorings.

35.    Plaintiff duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 4,272,393, which issued on January 8, 2013, and has been duly renewed, and covers processed beans; processed fruits; processed tomatoes and crackers; entrees and side dishes consisting primarily of rice and beans.

36.    Plaintiff duly registered EDEN RECIPES as a trademark in the USPTO under Registration No. 4,336,312, which issued on May 14, 2013, and has been duly renewed, and covers downloadable software in the nature of an application for obtaining news and information in the field of food and food related topics, nutrition, health, and diet and related textual, audio and video content on mobile and stationary electronic devices.

**Wiley Rein LLP**
2050 M St NW
Washington, DC  20036

301302271v.1

37.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,431,041, which issued on November 12, 2013, and has been duly renewed, and covers the following products:

- tooth powder; dietary food supplements and nutritional supplement concentrates; sushi mats; processed vegetables; chili; processed mushrooms; raisins; tofu; vegetable based food beverages; prepared entrees consisting primarily of beans with rice and other side dishes; Umeboshi plum paste; grain based food beverages; natural food sweeteners; arrowroot for use as a food thickener; rice; Ponzu sauce; prepared entrees consisting primarily of rice with beans and other side dishes; edible spices; concentrates for making non-alcoholic beverages; and cooking wine.

38.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 5,189,572, which issued April 25, 2017, and covers instant miso soup and muesli.

39.     Plaintiff duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 5,189,573, which issued April 25, 2017, and covers instant miso soup.

40.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 5,608,452, which issued on November 13, 2018, and covers tahini and black sesame butter.

41.     Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 6,138,923, which issued September 1, 2020, and covers the following products:

- gift baskets and bags primarily containing soup and also including a ceramic soup cup; gift baskets and bags primarily containing fruit butters, fruit sauces and dried fruits; processed seeds for snacking; processed beans;

- gift baskets and bags primarily containing tea powder and also including a whisk, spoon, and bowl; gift baskets and bags primarily containing organic teas and also including an infuser spoon and mug; gift baskets and bags primarily containing popcorn and also including a popcorn bowl; pasta and pasta sauce; processed seeds for use as seasoning; condiments, namely, ketchup, mustard, and mayonnaise.

42.     Plaintiff duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 6,637,479, which issued February 8, 2022, and covers canvas shopping bags; tote bags; and lunch bags not of paper.

301302271v.1

43.     Registration Nos. 1,440,754, 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, 5,189,573, 5,608,452, 6,138,923 and 6,637,479 are *prima facie* evidence of the validity and exclusive right to use of the mark EDEN, alone and in combination with other words and/or designs, and are constructive notice of ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072.  As the right to use the mark EDEN, alone and in combination with other word and designs, has become incontestable, Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572,   and 5,189,573 are conclusive evidence of Plaintiff's exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b).  True copies of USPTO records reflecting Registration Nos. 1,440,754, 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, 5,189,573, 5,608,452, 6,138,923, and 6,637,479 are attached hereto as Exhibit A and made a part hereof.

**Defendant's Willful Infringement**

44.     Notwithstanding Plaintiff's well-known and prior-established rights in the mark EDEN in various forms for food and beverage products, Defendant is using the EDEN formative mark as part of its trademark EDEN HOLISTICS, as well as its trade name, Eden Holistics LLC.

45.     The EDEN HOLISTICS trademark and trade name entirely incorporate Plaintiff's protected EDEN mark, with insubstantial additions of descriptive terms.

46.     On information and belief, Defendant began using the mark EDEN HOLISTICS no earlier than 2018.

47.     Defendant is marketing numerous products under the EDEN HOLISTICS mark, purportedly to enhance health and wellness. The products sold under the EDEN HOLISTICS mark

Wiley Rein LLP
2050 M St NW
Washington, DC  20036

301302271v.1

include edible gummies, tinctures, and teas, dog treats, and various topical products. These products are marketed as being "pure & potent" and providing for "optimal wellness."

48.    Defendant is also using Plaintiff's EDEN mark as part of Defendant's domain name, EdenHolistics.com. The site to which the domain resolves uses the EDEN HOLISTICS mark numerous times, for marketing and e-commerce of its EDEN HOLISTICS products.

49.    On information and belief, in addition to its e-commerce sales through EdenHolistics.com, Defendant is selling its products through numerous retailers, including health food stores.

50.    On information and belief, Defendant is using the EDEN HOLISTICS mark in the distribution, offering for sale, and sale of its wellness products, in interstate commerce and within the State of Nevada.

51.    On information and belief, Defendant offers shipping of its products both within Nevada and throughout the United States.

52.    Counsel for Plaintiff has sent multiple correspondences to Defendant, including a formal demand letter informing Defendant of Plaintiff's use of and trademark rights in the EDEN family of marks, and informing Defendant that its use of EDEN HOLISTICS is likely to cause consumer confusion with and infringes Eden Foods' protected family of EDEN trademarks ("Notice of Infringement"). The Notice of Infringement listed and discussed the relevance of the family of EDEN marks owned by Plaintiff and warned Defendant that any continued sales will be viewed as both willful infringement of Eden Foods' registered trademarks and federal unfair competition under the Federal Trademark Act of 1946, as amended (the "Lanham Act"). The Notice of Infringement demanded that Defendant cease all current and planned use of EDEN HOLISTICS or any other mark using the EDEN formative. A copy of the Notice of Infringement is attached hereto as Exhibit B.

53.    Defendant's managing member responded to the Notice of Infringement, claiming that it could not infringe Plaintiff's rights unless Plaintiff's goods and services overlapped therewith. Counsel for Plaintiff responded, explaining to Defendant that its claim that products

301302271v.1

must overlap for marks to be infringing has no basis in law, and providing further factual information to demonstrate the relatedness of the parties' products. Defendant did not respond to this follow-up correspondence, and made no apparent alterations to its use of the EDEN and EDEN HOLISTICS marks.

54.    Despite being notified in writing of Plaintiff's family of EDEN trademarks and a likelihood of confusion between Plaintiff's family of EDEN marks and the EDEN HOLISTICS mark, Defendant continues to use the EDEN HOLISTICS mark in association with wellness products and continues to use the EDEN mark in its trade name.

<u>COUNT I - TRADEMARK INFRINGEMENT</u>

55.    As a cause of action and ground for relief, Plaintiff alleges that Defendant is engaged in acts of trademark infringement under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law, and incorporates by reference Paragraphs 1 through 54 of the complaint as a part of this count.

56.    Plaintiff is the owner of common law and statutory trademark rights in an EDEN family of marks, including the marks EDEN, EDEN FOODS, EDENSOY, EDENEWS, EDEN STORE, and EDEN ORGANICS, and as reflected in the registrations included in Exhibit A.

57.    Plaintiff's trademark rights have priority over any potential rights owned by Defendant in the EDEN HOLISTICS mark, by virtue of Plaintiff's dates of first use and dates of application for registration of its EDEN family of marks, which predate any use of EDEN HOLISTICS by Defendant.

58.    Defendant's use of the trademark EDEN HOLISTICS to market and sell wellness products, including its edible and potable products, in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Defendant's products are in some way sponsored or approved by, or otherwise affiliated or connected with Plaintiff.

59.    Defendant's use of the trademark EDEN HOLISTICS accordingly infringes Plaintiff's rights in the mark EDEN, alone and in combination with other words and designs, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

301302271v.1

60.     Defendant's continued use of the EDEN HOLISTICS mark in the manner hereinabove alleged, in the face of actual knowledge of Plaintiff's family of EDEN trademarks and with no defense to infringement that has a reasonable basis in either fact or law, makes Defendant a willful infringer.

61.     Unless enjoined by this Court, Defendant will continue to infringe Plaintiff's EDEN trademark in various forms, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

<u>COUNT II - UNFAIR COMPETITION</u>

62.     As a cause of action and ground for relief, Plaintiff alleges that Defendant is engaged in acts of unfair competition under § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and at common law, and incorporates by reference  Paragraphs 1 through 61 of the complaint as a part of this count.

63.     Defendant's use of the mark EDEN HOLISTICS in connection with wellness products in the manner hereinabove alleged constitutes a violation of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1) in that Defendant's use of the trademark EDEN HOLISTICS is likely to cause confusion, to cause mistake, and/or to deceive the public as to an affiliation, connection, or association between Defendant and Plaintiff, and as to the origin, sponsorship, and/or approval of Defendant's wellness products by Plaintiff.

64.     The nature and probable tendency and effect of Defendant's use of the trademark EDEN HOLISTICS in the manner hereinabove alleged is to enable Defendant to confuse or deceive the public and others by misrepresenting that Defendant's products are in some way sponsored or approved by Plaintiff and/or that Defendant is affiliated with Plaintiff and therefore constitutes unfair competition at common law.

65.     Unless enjoined by this Court, Defendant will continue said acts of unfair competition, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

**Wiley Rein LLP**
2050 M St NW
Washington, DC  20036

-12-

301302271v.1

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT III - TRADE NAME INFRINGEMENT

66.     As a cause of action and ground for relief, Plaintiff alleges that Defendant is engaged in trade name infringement at common law and incorporates by reference, Paragraphs 1 through 65 of the complaint as part of this count.

67.     Plaintiff has continuously used EDEN FOODS as a trade name in connection with food and beverage products and related services since at least as early as 1967, long prior to the acts of the Defendant complained of herein.

68.     As a result of the substantial and extensive advertising and sales of food and beverage products under the trade name EDEN FOODS and Plaintiff's maintenance of premium quality standards relating thereto, said trade name has become famous and is well and favorably known as a famous and distinctive indication of origin of the food and beverage products sold by Plaintiff and as a symbol of the highest quality products.

69.     Defendant's use of the trademark EDEN HOLISTICS in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Defendant and its products offered under said mark are in some way sponsored or approved by, or are otherwise affiliated or connected with, Plaintiff and thus infringes the trade name EDEN FOODS at common law.

70.     Unless enjoined by this Court, Defendant will continue to infringe the trade name EDEN FOODS, thereby deceiving the public and causing Plaintiff immediate and irreparable damage for which it has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully prays that:

(1)     The Court enter judgment in favor of Plaintiff that Defendant has infringed the trademark EDEN, alone and in combination with other words and/or designs, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law; has engaged in acts of unfair competition in violation of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and the common law; has infringed the trade name EDEN FOODS at common law; and has otherwise injured Plaintiff's business reputation by using the mark EDEN HOLISTICS in the manner complained of herein.

(2)    Defendant and each of its respective principals, owners, agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

(a)    Using the trademark EDEN HOLISTICS and/or any other trademark, service mark, trade name, corporate name, domain name, social media presence, or other commercial indication of origin that consists of or incorporates the word EDEN or any other trademark, service mark, trade name, corporate name, domain name, social media presence, and/or other commercial indication of origin that is confusingly similar to EDEN;

(b)    Competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein;

(c)    Otherwise infringing the family of EDEN trademarks and the trade name EDEN FOODS; and

(d)    Filing any application in the U.S. Patent and Trademark Office to register any trademark or service which includes the word EDEN or any other word confusingly similar thereto.

(3)    Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, Defendant be directed to deliver up for destruction or other disposition by Plaintiff all advertisements, brochures, labels, packaging, signs, prints, decals, business cards, order forms, and all other materials in the possession, custody, or under the control of Defendant that bear or are labeled with the trademark EDEN HOLISTICS and/or the tradename EDEN HOLISTICS, whether alone and in combination with other words.

(4)    Defendant be required to transfer control of the EdenHolistics.com domain to Plaintiff.

(5)    Defendant be required to pay to Plaintiff both the costs of this action and, in view of the exceptional nature of this case, Plaintiff's reasonable attorneys' fees in accordance with § 35 of the Federal Trademark Act, 15 U.S.C. § 1117.

301302271v.1

(6)    Plaintiff be granted such other, different and additional relief as this Court deems equitable and proper.

Date: August 26, 2024

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Chad C. Butterfield_____*
Chad C. Butterfield, Esq.
Nevada Bar No. 10532
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Chad.Butterfield@wilsonelser.com

**WILEY REIN LLP**
Christopher Kelly
Adrienne J. Kosak
2050 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Email: ckelly@wiley.law
       akosak@wiley.law

*Attorneys for Plaintiff Eden Foods, Inc.*

**Wiley Rein LLP**
2050 M St NW
Washington, DC 20036

-15-